BROWN, Chief Judge.
1 following a jury trial, defendant, Qui-erza Lewis, was convicted of possession of a Schedule II CDS, cocaine, in an amount more than 28 grams but less than 200 grams. He was originally sentenced to 20 years at hard labor and fined $50,000.00. This court affirmed the conviction in State v. Lewis, 42,365 (La.App.2d Cir.09/19/07), 965 So.2d 971; however, the state had filed a multiple offender bill under a new docket number. Defendant’s 20-year sentence was vacated, and he was adjudicated a third-felony offender and sentenced to life in prison at hard labor without parole, probation, or suspension of sentence. Defendant now appeals his adjudication as a third-felony offender and his life sentence as excessive. We affirm.

*752
Facts

On March 16, 2006, the state filed an habitual offender bill of information charging defendant as a third-felony habitual offender. All convictions occurred in Webster Parish, Louisiana. In addition to the current conviction, defendant was alleged to have distributed cocaine on June 6, 1997; he pled guilty to distribution of cocaine on April 3, 1998 (first predicate conviction), and was sentenced to six years at hard labor with credit for time served. Defendant was again charged with distribution of cocaine on June 5, 1998; he pled guilty to distribution of cocaine on August 30, 1999 (second predicate conviction) and was sentenced on January 24, 2000, to five years at hard labor to run consecutive to the previous sentence.
Defendant claims that the state failed to prove that he was the person convicted on August 30, 1999. Therefore his third-felony offender 12adj udication and life sentence should be vacated and this case remanded for him to be sentenced as a second-felony habitual offender.
On October 30, 2006, a hearing was held, and the state introduced evidence regarding defendant’s prior and current convictions. The state began by introducing certified copies of the bills of information and minutes which showed all three convictions. Then the state offered testimony of officers involved with the arrest and prosecution of defendant on all three convictions.
The state’s fingerprint experts, Jacob Cyrus Hortman and Scott Tucker, testified that they worked for the Webster Parish Sheriff’s Office. They matched the fingerprints affixed on the bill of information in the current case and in the first predicate case with the prints taken from defendant that morning. There were no prints on the back of the bill of information in the second predicate case.
Lieutenant Dan Weaver of the Minden City Police Department, the investigator on the two prior convictions, testified that in 1997, he came in contact with defendant, whom he identified, as a result of a drug buy made by an undercover narcotics agent. Lieutenant Weaver testified that defendant was arrested for the sale of cocaine. This was the first predicate offense. He testified that defendant was convicted of distribution of cocaine and given a sentence of six years at hard labor. Minden Police Officer Richard Cooper was working with Lt. Weaver and confirmed this arrest and conviction of defendant.
IsLieutenant Weaver stated that on June 5, 1998, the Minden City Police Department conducted another undercover operation, and defendant sold the undercover agent cocaine (the second predicate conviction). Defendant was charged with distributing cocaine. Lieutenant Weaver was asked how the determination was made that it was defendant who had made the sale, and he answered, “A picture was also obtained and showed to the C.I., who identified the subject that sold him the cocaine as being Mr. Lewis.” Lieutenant Weaver identified defendant in court and confirmed that he was the same individual whom Lt. Weaver had previously identified with regard to the prior conviction (the first predicate offense). Lieutenant Weaver was asked what sentence defendant had been given in the second conviction and he stated, “I want to say in 2000 he was convicted and got five years of hard labor.” There was no cross-examination of the witness by defendant’s attorney.
Lieutenant Marvin Garrett with the Minden Police Department testified that he was working patrol in 1998 and assisted in the arrest of defendant in July of 1998, which would have been the arrest leading to the August 30, 1999, conviction. Lieu *753 tenant Garrett testified that defendant was not at home on the day they went to arrest him, but he turned himself in later that day, and Lt. Garrett was at the police department when that took place. Lieutenant Garrett identified defendant in the courtroom. Lieutenant Garrett was also involved in the investigation of the current case and stated that defendant was arrested, the case went to trial, he was convicted by a jury, and he received a 20-year sentence.
|4The trial judge found that the evidence was clear that defendant who was found guilty on the current charge was the same person who had pled guilty to the two previous distribution charges. In particular, the judge found, based upon Lt. Weaver’s testimony, as supported by that of Officer Cooper and Lieutenant Garrett, that defendant was the same person who had pled guilty on August 30, 1999, and was sentenced January 24, 2000. Therefore, the trial judge adjudicated defendant to be a third-felony offender.

Discussion

Adjudication as Third-felony Offender

Defendant argues that a review of the evidence presented at the October 30, 2006, hearing did not support the finding that he should be adjudicated a third-felony offender because the state failed to establish that he was the same person convicted of distribution of cocaine and sentenced in January 2000 (the second predicate conviction). According to defendant, none of the testimony of Lt. Weaver or Lt. Garrett contained a first-hand account that Quierza Lewis was the person convicted in that case. Instead, it only established that he was a person arrested for cocaine distribution.
In State v. Lindsey, 99-3302 (La.10/17/00), 770 So.2d 339, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001), the court observed that La. R.S. 15:529.1(F) does not require the state to use a specific type of evidence to carry its burden at a habitual offender hearing, and that prior convictions may be proven by competent evidence. State v. Winslow, 45,414 (La.App.2d Cir.12/15/10), 55 So.3d 910, writ denied, 11-0192 (La.06/17/11), 63 So.3d 1033.
In State v. Keys, 29,369 (La.App.2d Cir.1997), 694 So.2d 1107, writs denied, 97-1387, 97-1497 (La.10/31/97), 703 So.2d 21, there was sufficient evidence to show that the defendant was the same person as the previously convicted felon to support multiple offender sentencing, even though the bills of information charging prior felony convictions did not contain his fingerprints; his identity was adequately established by documentary evidence, including transcripts of Boykin hearings and sentencing hearings for prior felonies, together with positive identification by the probation and parole specialist who had supervised the defendant, and corroborating identification from law enforcement officers.
In this case, the state introduced the certified copies of the bills of information that gave the dates of the three offenses and minutes establishing the dates of defendant’s convictions. With regard to the specific conviction to which defendant claims the state failed to properly connect him, the state produced the testimony of Lt. Weaver and Lt. Garrett, both of whom knew defendant and identified him in court as the person arrested in that case. Lieutenant Garrett was supposed to be the arresting officer, but defendant was not at home the day he was scheduled to be arrested, and in fact, defendant turned himself in later that day. Lieutenant Garrett was present at the police station when defendant did so. Lieutenant Garrett also took part in the investigation in the current case and was able to identify defen *754 dant as the person who was convicted in that case.
|fiBased on the testimony of these two witnesses, the state produced competent evidence that defendant, Quierza Lewis, is the same person who was convicted in all three cases. Therefore, defendant was properly adjudicated a third-felony offender, and this assignment of error lacks merit.

Excessive Sentence

Defendant argues that although the habitual offender statute mandates a sentence of life imprisonment upon a third-felony conviction if the third felony and the two prior felonies were violations of the Uniform Controlled Dangerous Substance Law punishable by imprisonment for ten years or more, the life sentence imposed upon him was unconstitutionally excessive. According to defendant, the trial court failed to consider any of the factors found in La. C. Cr.P. art. 894.1(B) in sentencing him.
Defendant contends that his sentence is constitutionally excessive because it makes no measurable contribution to acceptable goals of punishment and amounts to nothing more than a purposeful imposition of pain and suffering. The defendant claims he was 27 years old at the time of his life sentencing, and this sentence fails to provide him with the opportunity to be rehabilitated and to reenter society as a productive member while being punished in a reasonable manner for his nonviolent crime.
In 2005, the year that defendant was convicted of his third-felony offense, La. R.S. 15:529.1 stated in pertinent part as follows:
A. (1) Any person who, after having been convicted within this state of a felony ... thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
Ji • ‘
(b) If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
[[Image here]]
(ii) If the third felony and the two prior felonies are felonies defined ... as a -violation of the Uniform • Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
In State v. Winslow, supra, this court found that when a sentence is prescribed by the habitual offender statute, a trial court’s compliance with the sentencing guidelines is not required. It would be an exercise in futility for the trial court to discuss the factors enumerated in the guidelines when the court has no discretion in sentencing a defendant. Since the habitual offender law in its entirety is constitutional, the minimum sentences it imposes upon multiple offenders are also presumed to be constitutional. The mandatory life sentences required under the habitual offender law are presumptively constitutional and should be accorded great deference by the judiciary.
In State v. Winslow, supra, this court further found that the burden is on the defendant to rebut the presumption that a mandatory minimum sentence under the habitual offender law is constitutional. In order to do so, it must be clearly and *755 convincingly shown by the defendant that he is exceptional, which in this context means that because of unusual circumstances, this defendant is a victim of the legislature’s failure to assign | Ssentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Defendant was convicted twice of distribution of cocaine and a third time for possession of more than 28 grams but less than 200 grams of cocaine. Defendant is a drug dealer. Even after two prison sentences he continued his criminal conduct. He has failed to rebut the presumption that the mandatory minimum sentence under the habitual offender law is constitutional. He did not show that he is the victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of his offense, the gravity of his offense, and the circumstances of his case. He failed to present any specific evidence to the trial court explaining why the mandatory minimum sentence in this case should not be imposed upon him.
Because the mandatory minimum sentence in a habitual offender case is presumed constitutional and accorded great weight by the judiciary, we find that this assignment of error is without merit.

Conclusion

For the foregoing reasons, defendant’s conviction and sentence are affirmed.